UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JOHN W. MANN,

    Plaintiff,

v.

NATIONSTAR MORTGAGE; et al.,

    Defendants.

2:12-cv-1077-LRH-CWH

ORDER

Before the court is defendant Stewart Title Guaranty Company's ("Stewart Title") motion to dismiss. Doc. #5.[1] Pro se plaintiff John W. Mann ("Mann") filed an opposition (Doc. #17) to which Stewart Title replied (Doc. #26).

Also before the court is defendant Nationstar Mortgage LLC's ("Nationstar") motion to dismiss (Doc. #9) to which defendant First American Trustee Servicing Solution, LLC ("First American") joined (Doc. #29). Plaintiff Mann filed an opposition (Doc. #23) to which Nationstar replied (Doc. #39).

**I.   Facts and Background**

In November 2006, Mann purchased real property through two separate loans: a first loan executed by non-party Freemont Investment & Loan, and a second loan executed by the seller of the property, non-party John F. Stanhagen Jr. In March 2007, Mann refinanced the first deed of

---

[1] Refers to the court's docket number.

trust executed by Freemont Investment & Loan through a new deed of trust executed by defendant Nationstar. Mann eventually defaulted on the property and defendants initiated non-judicial foreclosure proceedings.

Subsequently, on June 22, 2012, Mann filed a complaint against defendants alleging three causes of action: (1) Nevada Unfair Lending Practices Act, NRS 598D.100; (2) quiet title; and (3) violation of NRS 107.080. Doc. #1, Exhibit A. Thereafter, defendants filed the present motions to dismiss. Doc. ##5, 9.

**II.    Legal Standard**

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III. Discussion

#### A. Nevada Unfair Lending Practices Act

NRS 598D.100 prohibits lenders from making loans "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." NRS 598D.100(1)(b). However, this suitability language was added in mid-2007 when the statute was amended. Although Mann alleges that defendants violated the present version of the statute, his loan originated in early 2007, prior to the current amendment. Therefore, Mann's loan cannot have violated the current statutory language requiring a determination that a borrower has the ability to repay the loan.

Additionally, Mann's unfair lending practices claim is barred by the applicable statute of limitations. The statute of limitations on an unfair lending practices claim under NRS 598D is two (2) years. *See* NRS § 11.190(3)(a). Mann refinanced the property in 2007, and did not file the present action until 2012, over three years after the statute of limitations had expired.

#### B. Quiet Title

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS § 40.010. Here, defendants do not claim any interest in the property adverse to Mann's interest in the property.

Further, in a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself and to allege that he was paid any debt owed on the property. *See Wensley v. First Nat. Bank of Nevada*, 2012 WL 1971773 (D. Nev. 2012). It is undisputed that Mann was in default on the mortgage loan. Therefore, the court finds that Mann has no grounds to quiet title against defendants.

**C. NRS 107.080**

In his complaint, Mann alleges that defendants improperly foreclosed on his property because none of the defendants hold the original mortgage note. *See* Doc. #1, Exhibit A.

At the time of Mann's foreclosure, Nevada law did not require the production of the original note before one of the statutorily enumerated parties initiates a non-judicial foreclosure. *Weingarter v. Chase Home Finance, LLC*, 702 F. Supp. 2d 1276, 1280 (D. Nev. 2010).

Further, there is no private right of action for tort damages under section 107.080. *See Chavez v. Cal Recon. Co.*, 2010 WL 2545006, *2, (D. Nev. 2010). The only available remedy under section 107.080 is for the court to void a trustee's sale that was undertaken in violation of the statute. As there has been no trustee's sale, Mann is not entitled to any remedy for defendants' alleged failure to comply with NRS 107.080. Therefore, the court finds that Mann fails to allege a claim upon which relief can be granted. Accordingly, the court shall grant defendants' motions to dismiss and dismiss Mann's complaint in its entirety.

In granting defendants' motions to dismiss, the court notes that Mann is appearing pro se in this action. Usually in such a circumstance the court would grant Mann leave to file an amended complaint to state a cause of action against defendants upon which relief can be granted. However, in this instance, the court finds that amendment would be futile because the motions to dismiss are not based on identified pleading defects, but on matters of law that are well settled in this district. Therefore, the court shall not grant pro se plaintiff Mann leave to file an amended complaint.

///

///

1     IT IS THEREFORE ORDERED that defendants' motions to dismiss (Doc. ##5, 9) are
2 GRANTED. Plaintiff's complaint (Doc. #1, Exhibit A) is DISMISSED in its entirety.
3     IT IS FURTHER ORDERED that plaintiff's motion for judicial notice (Doc. #37) is
4 DENIED.
5     IT IS SO ORDERED.
6     DATED this 18th day of December, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE