UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN W. MANN | ) |
| Plaintiff, | ) 2:12-cv-1077-LRH-CWH |
| v. | ) |
| NATIONSTAR MORTGAGE; et al., | ) ORDER |
| Defendants. | ) |

Before the court are pro se plaintiff John W. Mann's ("Mann") motion to dismiss the petition for removal (Doc. #15) and motion to remand (Doc. #16).

## I. Facts and Procedural History

Plaintiff Mann filed a complaint in state court against defendants for violations of the Truth in Lending Act ("TILA") and wrongful foreclosure. *See* Doc. #1, Exhibit A. Defendants removed the action to federal court on the basis of federal question jurisdiction. Doc. #1. Thereafter, Mann filed the present motions to dismiss the petition for removal (Doc. #15) and to remand (Doc. #16).

## II. Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

### III. Discussion

In his motions, plaintiff Mann contends that removal was improper because defendant First American Trustee Servicing Solutions ("First American") was not joined in the initial petition for removal. *See* Doc. ##15, 16.

The court has reviewed the documents and pleadings on file in this matter and finds that remand is not warranted. Under the rule of unanimity, all served defendants must join in the petition for removal. *See Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986). Although Mann is correct that First American was not initially a party to the removal, First American has since filed a consent to removal of this action. Doc. #20. Therefore, all served defendants in this action have consented to removal. Accordingly, the court shall deny Mann's motion to dismiss and motion to remand.

IT IS THEREFORE ORDERED that plaintiff's motion to dismiss (Doc. #15) and motion to remand (Doc. #16) are DENIED.

IT IS SO ORDERED.

DATED this 6th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE